695 P.2d 341

**Edith A. CURTIS, Claimant-Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Respondent.**

No. 15021.

Supreme Court of Idaho.

Nov. 8, 1984.

Rehearing Denied Feb. 20, 1985.

Edith A. Curtis, pro se.

Jim Jones, Atty. Gen., and Roger T. Martindale, Deputy Atty. Gen., attorney for Dept. of Employment, Boise, for respondent.

HUNTLEY, Justice.

Mrs. Curtis filed a claim for benefits about the 1st of May, 1982, which claim was effective on May 9, 1982. The Department of Employment issued a Monetary Determination, indicating that she had no wages for the relevant base period, and that she was therefore ineligible for benefits. Mrs. Curtis protested, arguing that she was entitled to claim one-half of her husband's earnings in 1981 for purposes of monetary eligibility.

After an appeal from a Monetary Redetermination, a hearing was held before the Appeals Bureau. An Appeals Examiner's Decision issued, affirming Mrs. Curtis' monetary ineligibility.

Following a hearing before the Industrial Commission, the Commission issued a decision affirming Mrs. Curtis' monetary ineligibility, and rejecting her arguments regarding use of her husband's wages. Mrs. Curtis appeals from this decision.

Mrs. Curtis was married for approximately 30 years and was divorced in April of 1982. She filed for unemployment benefits after the divorce because she was having difficulties in finding employment and felt she needed some unemployment compensation to get her through the period of unemployment. During the marriage her husband refused to allow her to work outside of the home, insisting that she be a full-time homemaker, mother, and helpmate. Such role was her "only occupation for 30 years". During the marriage she performed the typical duties of a wife and homemaker, and also acted as a "faculty wife" for her husband. She felt her efforts as a "faculty wife" benefited her husband and the University of Idaho.

Mrs. Curtis maintains that the marriage contract constituted a contract of employment with her husband.

She also asserts that she had an implied employment contract with the University of Idaho during the period of her husband's employment there; however, she admits that she had no written employment contract with the University.

The Department has no record of any wages being reported for the claimant for covered employment during the base period.

The sole issue is whether Mrs. Curtis is monetarily eligible under the standards of I.C. § 72–1367 where she has not personally received wages for services performed in covered employment during the relevant base period. At the time Mrs. Curtis filed her claim, I.C. § 72–1367 provided:

To be eligible an individual shall have at least nine hundred ten dollars and one cent ($910.01) in total wages paid for services performed for covered employers in the calendar quarter within his base period in which such wages were highest, and shall have total base period wages of at least one and one-quarter (1¼) times his high quarter wages.

Since I.C. § 72–1367 requires that a claimant must have personally performed services in covered employment during the base period, and since Mrs. Curtis did not personally perform services in covered employment for her husband or the University of Idaho, she is obviously not entitled to receive unemployment benefits. As the statute is clear and the record in no way supports Mrs. Curtis' claim of eligibility, we deem this appeal to be frivolous.

We affirm the ruling of the Industrial Commission.

Attorneys' fees would be awarded but for the fact that the Department of Employment did not request them.

Costs to respondent. No attorneys' fees.

DONALDSON, C.J., and BAKES and BISTLINE, JJ., concur.

SHEPARD, J., sat, but did not participate.